### In re TRUSTEES OF VILLAGE OF OLEAN.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

1. DEDICATION OF HIGHWAY.

   Several deeds of land in a village, the first conveying it as an entire tract, and the subsequent deeds in distinct parcels to successive grantees, described the premises by bounding them on a street by name according to a certain map previously made. *Held*, that the intention was not merely to give the grantees and their successors a private right of way, but to permit the opening of the street whenever the authorities of the village should see fit.

2. OPENING SAME—DAMAGES.

   On an opening of the street as it had existed on the map for upwards of 50 years, nominal damages only should be allowed to the land-owners.

Appeal from Cattaraugus county court.

Petition by the board of trustees of the village of Olean for the appointment of commissioners to assess the damages for the laying out and opening of Fifth street, between Washington and Reed streets, in that village, over lands of John J. Steyner and another. The commissioners awarded only nominal damages. The land-owners appeal from an order of the county judge confirming the award.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Frank Rumsey*, for appellants. *Fred. L. Eaton*, for respondents.

MACOMBER, J. For title to the lands in question it is not necessary to go back of the ownership and possession of one Mary C. Sewell; the executor of whose last will did, January 21, 1862, convey the land in dispute to one Simeon Savage, bounding it by this street by name according to a map. On the 13th day of February, 1868, Savage conveyed to the appellant, John J. Steyner, two distinct parcels, one on the east side and the other on the west side of Fifth street. Steyner went into possession of the lands, tilled and occupied them, and in 1885 conveyed to Martha Black the lot on the west side of Fifth street, in the deed of which the lot was bounded by the westerly line of that street. The title of the appellant Dilks presents a similar state of affairs, and does not differ in its legal aspects from the case of the other appellant, Steyner. The map of the village of Olean by which this street was laid down, and by which it has been recognized as Fifth street for purposes of describing the

boundaries of abutting lots, was made in the year 1836, by one Gosseline. It is argued by the learned counsel for the respondents, and, we think, correctly, that by these several conveyances under which the land-owners now claim the grantees and their successors are entitled to an uninterrupted right of way along Fifth street; so that, if the question related solely to the rights of the land-owners in insisting upon the right of way through this street, the free use of the street could hardly be denied to them under the facts disclosed. They would clearly be entitled to an easement and free access to their property by means of this street. The principal question, however, relates to the power of the village of Olean to open and work this street without making substantial compensation for damages therefor to the present owners. We think, as the commissioners say in their report to the county judge, that it is an irresistible conclusion that the parties to these deeds, in their emphatic recognition of the Gosseline map and of Fifth street, intended to show their adhesion to Gosseline's system, and their willingness to permit the opening of this street whenever the public authorities should see fit. A private right of way was not thought of by these parties. The term used on the map was "street," and every one understood its significance as contradistinction from a private road. To give these grantees a right of ingress and egress over Fifth street for all time to come, and still not include the right to have an actual street, if the growth of the village justified it, would do violence to the good sense of the parties to these deeds. Such was not their intention. *Bridges* v. *Wyckoff*, 67 N. Y. 130. The proceedings for the laying out and the opening of the street were regular, and whether the way may be regarded as an actual highway, or simply a private way as the same existed on the Gosseline map for upwards of 50 years, the damages to the land-owners would be in either case but nominal, and not substantial. The order appealed from should be affirmed, with costs. All concur.